IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRANSMONTAIGNE OPERATING COMPANY L.P., | § § § | |
| Plaintiff, | § § | C.A. No. -cv- |
| vs. | § § § | IN ADMIRALTY, F.R.C.P. 9(h) RULE C |
| TANK BARGES MPC-907 AND MPC-644, their engines, tackle, apparel etc., *in rem* and MARATHON PETROLEUM COMPANY L.P. and HARDIN STREET MARINE, LLC *in personam* | § § § § § § § | |
| Defendants. | | |

**VERIFIED COMPLAINT**

Plaintiff, TransMontaigne Operating Company L.P. ("TransMontaigne"), files this Verified Complaint against Tank Barges MPC-907 and MPC-644 (the "Barges"), their engines, tackle, apparel, etc. *in rem* and Marathon Petroleum Company L.P. ("Marathon"), their owner *pro hac vice*, *in personam* in a cause of negligence and gross negligence for the Barges' allision with TransMontaigne's mooring structure, marine dock, piping, fuel dock and associated equipment.

**FACTUAL STATEMENT**

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules of Certain Admiralty and Maritime Claims.

2. Subject matter jurisdiction exists pursuant to 28 U.S.C. 1333.

3. Venue is proper in this jurisdiction because Defendants have assets located or that will

soon be located within the Southern District of Texas.

4. Plaintiff, TransMontaigne, is a limited partnership duly organized, created and existing pursuant to the laws of Delaware with its principal office and place of business located in Denver, Colorado.

5. TransMontaigne is engaged in the business of storage, terminaling, transportation and related services for essential liquid products throughout the country.

6. Upon information and belief, at all times pertinent hereto, Defendants, Tank Barges MPC-907 and Tank Barge MPC-644 are United States Coast Guard inspected and United States flag tank barges with United States Coast Guard Official Numbers: CG-961173 and CG-961157 of 1619 gross and net tons, are 297 feet in length and 54 feet in beam and are owned by Defendant, Hardin Street Marine LLC ("Hardin") and bare boat chartered to Marathon.

7. Defendant, Marathon, is an entity duly organized, created and existing pursuant to the laws of Delaware, is registered with the Secretary of State of Texas to do business in Texas with its principal office and place of business located in Findlay, Ohio.

8. Defendant, Hardin, is a limited liability company duly organized, created and existing pursuant to the laws of Delaware, is registered with the Secretary of State of Texas to do business in Texas with its principal office and place of business located in Findlay, Ohio.

9. TransMontaigne owns and operates a mooring structure, marine dock, piping, fuel dock and associated equipment on the right descending bank at mile 794.1 on the Ohio River in Evansville, Indiana (the "TransMontaigne facility"). The waterfront facility consists of four massive mooring cells constructed with steel sheet piles, an access stairway, an access walkway, material handling equipment, piping connected to a shoreside terminal and tank farm.

10. In April of this year, the Ohio River was at a high level (the local NWS gauge was 37 feet

when the normal level is in the 10-20 foot range) and therefore the current was running faster than usual. Prudent seamanship mandates that when currents are fast, mariners are to be mindful and take extra precautions. In this matter, Defendants left the Barges unattended and fully loaded with petroleum products.

11.     At approximately 4:45 AM on April 16, 2024, the flotilla of two unattended unseaworthy Barges nearly 600 feet in length, fully loaded with petroleum products, broke free of their moorings at the Marathon facility approximately 1500 feet upstream (mile marker 793.8) and careened downstream. The Barges first hit or allided1 with TransMontaigne's upstream mooring cell (cell No. 4), which measured nearly 20 feet in diameter, was full of limestone and concrete and was sticking approximately 15 feet above the water. The speed was significant and force of impact so great that the huge mooring cell was completely felled like a giant sequoia tree and is now resting on the riverbed.

12.     After this first impact, the Barges continued downstream and allided with the dock cluster cell (cell No. 3, note that all the cells are similar in size) causing significant damage to the cell and the equipment it supports. Cell 3 holds a metal building, a crane and two 8" in diameter steel discharge pipes with associated valves that lead to the terminal and bulk liquid storage tank farm. This allision pushed cell No. 3 into cell No. 2 which is like cell No. 3 and destroyed the staircase and structure that sits between cell No.2 and cell No.3. The Barges caused damage to this cell, as well as, to its concrete cap and the electric cable stanchion.

13.     Fortunately, the Barges did not spill their cargo. However, two days later, on April 18, 2024, during the inspection of the Barges, the bow rake on Tank Barge MPC-907 showed fresh

---

1 In maritime parlance, an allision is when a moving vessel strikes a fixed object. The word is of Late Latin origin and is comprised of allision (stem of *allisio*), equivalent to *allis*(us) struck at, past participle of *allidere* (al+lid-strike (combining form of *laed*; see lesion) + *tus* past participle suffix) + *ion*. This is to be distinguished from a collision when two moving vessels strike each other.

dents and severe scrapes, as well as limestone aggregate and concrete fragments strewn about the fore deck.  This limestone aggregate and concrete fragments are identical to the material from the cells at the TransMontaigne Facility.  In addition, the rake bottom plating showed fresh heavy abrasions and the width of the abrasions appeared to be consistent with the dimensions of the cell.  Lastly, the remnants of broken mooring lines and wires lay on the deck of Tank Barge MPC-907 along with tree branches, leaves and other shoreline vegetation. Tank Barge MPC-644 showed broken starboard and port stern winch mooring wires, a broken mooring line and debris on its fore deck, cargo top deck and port gunwale.

14. Under general maritime law there is a long-standing presumption that, when a moving vessel allides with a stationary object, the moving vessel is at fault.  *The Louisiana,* 70 U.S. 1164 (1865); *The Oregon*, 158 U.S. 186, 192-93 (1895); *Brunet v. United Gas Pipeline Co.,* 15 F.3d 500, 503 (5th Cir. 1994).

15. As a result of the allision TransMontaigne has suffered at least $4,050,000.00 in damages: (i) costs of repairs, engineering and surveys of approximately $2,800,000.00; and (ii) estimation of lost profits of at least $1,250,000.00.

16. Venue is proper in this district court pursuant to Admiralty and Maritime Claims as, on information and belief, the Barges have been present in this district and are expected to return.

17. All and singular, the matters aforesaid are true and correct, and within the jurisdiction of the United States and this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

18. TransMontaigne seeks the *in rem* seizure of the Barges.  Therefore, TransMontaigne requests that process in due form of law, according to the practices of this court is issued against the Barges, their engines, machinery, tackle, apparel, equipment, riggings, and all other

necessary appurtenances, and freight.

19. WHEREFORE, TransMontaigne respectfully requests that this court grant the following relief:

    1. Process in due form of law may issue pursuant to Supplemental Rules for Certain Admiralty and Maritime Claims Rule C of the Federal Rules of Civil Procedure, and that Marathon's property within this district, Tank Barge MPC-907 and Tank Barge MPC-644, be arrested in the proceeding for the amount of $4,050,000.00, of TransMontaigne's claims stated herein, plus recoverable costs, fees and interest, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

    2. The court retain jurisdiction over Tank Barge MPC-907 and Tank Barge MPC-644, within the district in order to enter a judgment upon any decree in these proceedings;

    3. Alternatively, that the aforesaid Tank Barge MPC-907 and Tank Barge MPC-644 be released upon the posting by Hardin of security in an acceptable form in the amount of no less than $4,050,000.00. If Hardin fails to post security in an acceptable form and amount, that Tank Barge MPC-907 and Tank Barge MPC-644 remain as security to satisfy TransMontaigne's claims herein.

    4. That process of arrest, in due form of law, according to the course and practice of this Honorable Court in causes of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, may issue against Tank Barge MPC-907 and Tank Barge MPC-644 their engines, machinery, tackle, apparel, equipment, riggings, and all other necessary appurtenances, and freight, as provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the

Federal Rules of Civil Procedure, and that all persons claiming any interest in Tank Barge MPC-907 and Tank Barge MPC-644 may be cited to appear and answer the matters aforesaid, and that Tank Barge MPC-907 and Tank Barge MPC-644, their engines, machinery, tackle, apparel, equipment, riggings, and all other necessary appurtenances, and freight, may be seized, condemned and sold to pay the demands and claims aforesaid, and that TransMontaigne may have such other and further relief as in law and justice it may be entitled to receive;

5. That Marathon is authorized to offload third-party cargo;

6. That judgment be issued against Tank Barge MPC-907 and Tank Barge MPC-644, *in rem*, in the full amount due;

7. That TransMontaigne be awarded its attorneys' fees and costs of this action; and

8. That TransMontaigne may have such other and further relief as may same just to the court in the premises.

Respectfully submitted,

By: ___/s/ Peter A. McLauchlan_____
       Peter A McLauchlan
       State Bar No. 13740900
       The McLauchlan Law Group of Texas PLLC
       950 Echo Lane, Suite 200
       Houston, Texas 77024
       Telephone: (832) 966-7210
       Telecopier: (832) 966-7210

       Anacarolina Estaba
       Foley & Lardner LLP
       State Bar No. 4643318
       1000 Louisiana, Suite 3400
       Houston, Texas 77002
       Telephone:   (713) 276-5730
       Telecopier:   (713) 276-6730

ATTORNEY-IN-CHARGE FOR
TRANSMONTAIGNE OPERATING
COMPANY L.P.